---

CAMPBELL et al. v. HENDERSON et al.

In re McLEOD et al.

(Supreme Court, Appellate Division, First Department. June 21, 1901.)

1. EJECTMENT—PARTIES—ADMITTING AFTER JUDGMENT.

Where plaintiffs in an action for recovery of real property have obtained judgment and possession, strangers who, without color of title or other right thereto, went into possession while the action was pending, and who have been ousted by the sheriff under the writ of restitution, should not be admitted as parties to the action on their motion, and permitted to defend, since they have no right to contest plaintiffs' title.

**2. SAME—SQUATTERS—ASSIGNMENT OF CLAIM.**

Where intruders on a small part of a tract of land held possession of such part for 10 years, and were removed therefrom under a writ of restitution for the whole tract, issued in an action in which they were not parties, and assigned all their right, title, and interest in the land and to any damages they sustained by such proceedings, such assignment did not give their assignee a right to have the judgment set aside and to be admitted to defend the action, but only transferred their claim for damages.

**3. SAME—RESTORATION TO POSSESSION.**

Where, under a writ of restitution, the sheriff ousted persons who without color of right had squatted on the land while the action was pending, and who were not parties thereto, the court should not order them restored to possession on their motion in such action, since they have no right to possession, and, if they have been wronged, they have an adequate remedy at law.

Ingraham, J., dissenting.

Appeal from special term, New York county.

Action by Thomas Pearsall Campbell and others against Hannah Regina Henderson and another. From an order denying the motion of Charles M. Eickhoff and another to vacate the judgment, admit them as parties, and restore them to possession of real property in controversy, they appeal. Affirmed.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

F. De Lysle Smith, for appellants.
Wm. H. Stockwell, for respondents.

PATTERSON, J. The action was in ejectment to recover possession of certain property formerly a part of the bed of Bloomingdale road, between 103d and 104th streets, in the city of New York. The parties defendant in the action were Hannah Regina Rockwell (formerly Henderson) and Andrew Henderson. They had no record title to the premises, but were apparently the only persons in actual possession and occupation of the same. The action was brought in January, 1898. It was defended, but in September, 1900, the answer was withdrawn, and a judgment in favor of the plaintiffs was entered on October 9, 1900, awarding the possession of the premises to the plaintiffs. On November 12, 1900, the sheriff of the city and county of New York, under process issued to him, put the plaintiffs in possession, and removed therefrom small structures which had been put upon such premises by McLeod, Eickhoff, and John and Alexander Mitchell. These structures were sheds and small frame buildings, a few feet in height, some used for the storage of tools, and all of them not exceeding in value $100. After their removal, and after the plaintiffs were put in possession, one Eickhoff and McLeod (the latter claiming in his own right and as assignee of Mitchell Bros.) moved the court to vacate the judgment, to allow them to come in as parties defendant, and for an order requiring them to be put back in possession, and to compel the plaintiffs to restore the premises to the condition in which they were before the removal of the structures by the plaintiffs, or those acting for them. The motion was denied at the special term, the grounds for such denial being,

as stated by the court: First, that neither of the moving parties was at the time of the commencement of this action in possession or occupation of the premises; second, that they had no interest or title or right of possession on November 12, 1900, when they were ejected; third, that they were ejected without force or violence; fourth, that they were mere intruders or squatters since the commencement of the action, that the plaintiffs have an absolute title to the premises in question, that the judgment obtained herein for the possession of the premises was regular, that possession was properly taken thereunder, and that the moving parties have no title or right to possession, or to be made parties to this action.

1. As to making the appellants parties to the action: So far as Eickhoff and McLeod, claiming in his own right, are concerned, the motion to admit them as parties was properly denied. Neither of them had, according to their own showing, any actual possession at the time the action was commenced. Neither of them shows any right, title, or interest derived by grant, lease, or otherwise from any person having title or the right to transfer possession to them. Eickhoff, indeed, claims under a lease from one Roberge; but the latter could transfer no right, for he was only a tenant of adjoining premises. With respect to the Mitchells a state of facts exists which would present the subject in another aspect, if they were before the court claiming in their own right. It is asserted that they were in possession of a part of the locus in quo for ten years, but they do not ask to be made parties, nor do they seek any relief. McLeod claims in their right, and states in an affidavit:

"That the said Mitchell Brothers have assigned to deponent all right, title, and interest of the said Mitchells in and to the said premises occupied by them on and prior to the 13th day of November, 1900, from which they have unlawfully been dispossessed, and all their right, title, and interest in and to any damage which they have sustained by reason of any proceeding on the part of the plaintiffs and the said Brown and the said sheriff, and that deponent is now the sole owner and possessor of all the interest of the said Mitchells in and to the said premises formerly occupied by them, being a part of the premises described in the said complaint."

The Mitchells had no title of record or otherwise. At best, they were only intruders upon a small part of the premises in question. The alleged assignment by them to McLeod was made after they were evicted, for it is alleged by the moving parties that the Mitchells were in possession and were evicted. Any assignment they may have made might operate as a transfer of a claim for damages, but would not pass to a third party a naked claim to be restored to possession not founded on any title or claim of title, actual or colorable. We do not consider the allegation of an assignment made after eviction sufficient to authorize the vacating of the judgment, or the making of McLeod, as assignee, a party to the action, so as to entitle him to defend the possession as a representative of the Mitchells. By making this motion, an inquiry into the nature and origin of the occupation by the Mitchells is invited by the moving parties. We find it to have been that of intruders, merely. They have lost the only thing they had,—a naked possession, not based on any right or color of right. Whatever other effect their assignment may have,

it does not confer the authority to dispute the title and right to possession of the plaintiffs in and to the land; for, as against the real owners, that possession is shown to have been wrongful.

2. As to restoring possession: The court was also right in refusing to restore the moving parties to possession. Without considering the point of the power of the court, on a motion made in this action, to give possession of the land to strangers to the title, we think the application was properly denied. We cannot escape the conclusion that the appellants were on the land only as squatters. Conceding that they were not removed in the manner provided by law (subdivision 4, § 2232, Code Civ. Proc.), and disapproving, as we do, of the methods resorted to for their removal from the land, nevertheless they have for any wrong done them an adequate remedy in a proper legal action; and, under the circumstances of this case, as the facts are made to appear in the affidavits, we think the moving parties should be left to pursue that remedy.

The order appealed from should be affirmed, with $10 costs and disbursements.

O'BRIEN, McLAUGHLIN, and HATCH, JJ., concur.

INGRAHAM, J. (dissenting). While I should not be disposed to dissent from the conclusion to which Mr. Justice PATTERSON has arrived as to his disposition of that part of the order which denies the motion to set aside the judgment and allow the moving parties to be made parties to the action and to defend, I dissent from affirming this order so far as it denies the motion to compel the sheriff and the plaintiffs in the action to reinstate McLeod and Eickhoff in possession of the premises from which they were removed by the sheriff. The affidavit seems to be undisputed that prior to the commencement of the action, and for ten years prior to the eviction, McLeod, or his assignor or grantor, was in actual possession of a portion of the premises, to recover the possession of which this action was brought. Eickhoff, one of the moving parties, was also in peaceable possession of the premises. They were not made parties to the action as required by section 1502 of the Code of Civil Procedure. When this judgment was obtained, which was by consent, and without notice to McLeod and Eickhoff, it seems to have been put in the hands of the sheriff, and his deputy proceeded to enforce it. In doing so, these persons in peaceable possession of the property, not parties to the action, were forcibly ejected; the sheriff's deputies being supported by a police captain and four policemen, and those in possession threatened with arrest if they interfered with the sheriff. It seems to me that this act was entirely illegal and unauthorized, and that those who were in possession and thus illegally ejected had a right to apply to the court to direct its officers and the parties in the action to reinstate them in the possession from which they were thus violently and illegally ejected, and that the motion to that extent, at least, should have been granted. I know of no authority which justifies a sheriff under a judgment in an action of ejectment in proceeding to the property and ejecting persons in pos-

session of it, claiming a right to such possession, who are not parties to the action, or claiming under or through such parties; and, whether the persons thus in possession had been actually in possession prior to the commencement of the action or not, it seems to me that, before they could be ejected and that possession taken from them, they were at least entitled to their day in court, and to be heard as to their right to possession. The prevailing opinion seems to concede that, if the Mitchells had been in actual possession of the property, their ejectment would have been illegal, as they were in such possession prior to the commencement of the action; but McLeod claims his possession as a continuance of the possession of the Mitchells by right of an assignment or transfer of Mitchell to him. If Mitchell had a right to possession, and such possession had extended for upward of 10 years, as appears from the papers, there certainly would seem to be no objection to his transferring that right to McLeod; and, whether that transfer was pending an action of ejectment or not, McLeod certainly had a right to have his day in court before he could be forcibly ejected from the possession of the premises. The prevailing opinion decides that these people in possession of this property had no title to it; but they were in possession, and, before it can be determined whether or not they have a title to the premises, it would seem to me that they were entitled to have that question determined in an action to which they are parties. These moving parties have been unlawfully ejected by an officer of the court, acting under its authority. Judicial sanction of such proceedings is an invitation to abandon judicial proceedings and resort to physical force. It seems to me a strange proposition that those in possession have no right to apply to the court to require its officer to undo the wrong that has been done, and restore to them the possession from which they have been unlawfully ejected.